# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAROLY KOLETAR,
 Appellant,

v.

UNITED STATES POSTAL SERVICE,
 Agency.

DOCKET NUMBER
SF-0752-12-0543-I-2

DATE: October 17, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Karoly Koletar</u>, Los Angeles, California, pro se.

<u>Kristen L. Walsh</u>, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained the appellant's indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective April 27, 2012, the agency placed the appellant, a Mail Handler working on the flat sorter machine, in nondisciplinary leave without pay (LWOP) status based on his physical inability to perform the essential functions of his position due to off-the-job medical restrictions (including no lifting over 15 pounds and the need to change position every 30 minutes), and the inability of the District Reasonable Accommodation Committee (DRAC) to locate another position for him that he could perform with or without reasonable accommodation. Initial Appeal File (IAF), Tab 6 at 57, 68, 82, 97. The appellant appealed the agency's action. IAF, Tab 1. Initially the appellant requested a hearing; however, during the course of the proceedings below, he asked for a decision based on the written record. IAF2, Tab 8.[2]

¶3 The administrative judge adjudicated the appellant's appeal as an indefinite suspension that had lasted for more than 14 days and was thus within the Board's

---

[2] The administrative judge dismissed the appellant's first-filed appeal without prejudice, and the appellant timely refiled the action. The record in the first-filed appeal is cited as IAF, and the record in the refiled appeal is cited as IAF2.

jurisdiction.[3]  IAF2, Tab 43, Initial Decision (ID) at 9-10.  He found that the agency proved by preponderant evidence that it had legitimate concerns that the appellant's medical conditions, which were continuing and remained unchanged during the course of this appeal, made his continued presence as a Mail Handler inappropriate.  ID at 12.  The administrative judge also found that the appellant failed to prove his affirmative defense of disability discrimination.  ID at 20.  He found that, although the appellant established that he is a person with a disability, he failed to show that he could perform the essential duties of his Mail Handler position with or without accommodation.  ID at 20.  The administrative judge also found that the appellant failed to show that he was treated in a disparate manner from nondisabled employees.  ID at 20-21.  Additionally, the administrative judge found that the appellant failed to show that the processes used by the DRAC to determine that the appellant could not be accommodated or reassigned constituted harmful procedural error.  ID at 21-23.

¶4      On petition for review, the appellant generally disagrees with the administrative judge's findings of fact and conclusions of law.  He disagrees especially with the finding that he failed to prove disability discrimination.  Petition for Review (PFR) File, Tab 3.  He contends that the duties of the Mail Handler position could be revised to meet his medical restrictions.  The appellant appears to assert that because his physician cleared him to work within restrictions, including the restriction that he not lift more than 15 pounds, the agency should have accommodated his restrictions.  He also contends that the agency should have given him a light-duty assignment.  He contends, moreover, that the agency treated him disparately from nondisabled employees.[4]

---

[3] While this appeal was proceeding, the appellant retired from the agency.  IAF2, Tab 14 at 23.

[4] The appellant filed two additional motions after he filed his petition for review, requesting an extension of time to reply to the agency's response to the petition for review.  PFR File, Tabs 7-8.  The Clerk of the Board denied the appellant's motions because they were filed after the due date for the reply.  *Id.*, Tab 4.

¶5    The Board and its reviewing court have approved indefinite suspensions when, as here, the agency has legitimate concerns that an employee's medical condition makes his continued presence in the workplace dangerous or inappropriate, pending a determination that the employee is fit for duty. *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010). To establish that an indefinite suspension is reasonable, the agency must show that a lesser penalty, such as accommodation or reassignment, would be ineffective under the circumstances. *Vega v. Department of Justice*, 37 M.S.P.R. 115, 118 (1988).

¶6    In this case, the agency established that the appellant had a medical condition that made the performance of his duties as a Mail Handler inappropriate. The record shows that the physical requirements of the Mail Handler position include prolonged walking, standing, and possibly lifting heavy containers and parcels weighing up to 70 pounds, including manipulating sacks of mail weighing 35 to 50 pounds on a continuous basis. IAF, Tab 6 at 97. The appellant's physician restricted the appellant to lifting no more than 15 pounds and needing to change position between standing, walking, and sitting every 30 minutes. *Id*. at 70. Further, the agency showed that a lesser penalty would be ineffective under the circumstances. Before placing the appellant on LWOP, the agency searched for, but could not find, necessary and productive light-duty work that could be performed within the appellant's restrictions. *Id*. at 82. Additionally, before placing the appellant on LWOP, the agency established through the DRAC process that his physical restrictions could not be accommodated in the Mail Handler position and that there were no positions within the appellant's restrictions to which he could be reassigned. *Id*. at 68. Thus, the administrative judge properly found that the agency established by preponderant evidence that placing the appellant on nondisciplinary LWOP status was reasonable.

¶7        The appellant contends that the administrative judge erred in finding that the agency did not discriminate against him on the basis of disability by failing to accommodate him.  To establish disability discrimination, an employee must show:  (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014).

¶8        The appellant established that he is a qualified individual with a disability because he could lift no more than 15 pounds and has further limitations on the time that he can stand continuously.  ID at 18.  The appellant failed to show, however, that there was a reasonable accommodation that could allow him to perform the essential duties of the Mail Handler position.  An essential duty of the Mail Handler position assigned to duties on the flat sorter machine is to lift preloaded bulk mail trays, each of which weighs more than 20 pounds.  The record shows that there is no way to eliminate the essential flat sorter duty of lifting and moving trays of mail, each weighing at least 5 pounds above the appellant's 15-pound weight lifting restriction.  ID at 18-20.  The appellant presented no evidence to show that his treating physicians indicated that he could lift more than 15 pounds.  Further, the appellant does not challenge the finding of the DRAC that no vacant positions were available to which the appellant could be reassigned.  Thus, the administrative judge properly found that the appellant failed to show that the agency discriminated against him by failing to accommodate his disability.

¶9        Further, regarding the appellant's assertion that the agency should have accommodated his disability by creating a light-duty position, it is well-established that the Rehabilitation Act imposes no obligation on the agency to create modified work assignments.  *Bennett v. U.S. Postal Service*, 118 M.S.P.R. 271, ¶ 10 (2012).  The provision of limited-duty tasks that

do not constitute a separate position is not a reasonable accommodation and the agency is not required to create a new position for an employee in order to provide reasonable accommodation. *Id.*

¶10 The appellant also contends that the administrative judge erred in finding that the agency did not discriminate against him based on disparate treatment. To establish a prima facie case of disability discrimination based on disparate treatment, an appellant must prove that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If an appellant establishes a prima facie case of prohibited employment discrimination, the burden of going forward then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and, finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination. *Id.* at 802–04. However, in a case like this, where the record is complete, the Board will proceed directly to the ultimate question of whether the appellant has demonstrated by preponderant evidence that the agency's reason for its actions was a pretext for discrimination. *Berry v. Department of Commerce*, 105 M.S.P.R. 596, ¶ 10 (2007).

¶11 The administrative judge carefully considered whether the appellant was similarly situated to any of the six employees to whom he compared himself. ID at 20-21. He found that the appellant was not similarly situated to one particular employee who was allowed to bypass the flat sorter rotation for several months because she was pregnant. ID at 20. He also found that the appellant failed to support his assertion that two other employees worked on only one station of the flat sorter. ID at 20. In any event, as noted, the agency established that each station on the machine required that the employee move the full trays of mail weighing in excess of 20 pounds. ID at 19. Additionally, the administrative judge found that, while the appellant showed that one employee was permitted to sit for some intervals and another was allowed for several months to do the job

while he was seated, the appellant failed to show that the employees were similar to the appellant in that they could not lift the mail trays while seated. ID at 20. Further, the administrative judge found that, regarding the sixth employee whom the appellant identifies, the appellant failed to show that he was comparable because the appellant failed to address the employee's limitations, modifications, assignments, duties, or other factors. ID at 21. We thus find that the administrative judge properly found that the appellant failed to show that agency discriminated against him based on disparate treatment.[5]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[5] The agency submitted into the record on petition for review a letter stating that the appellant has filed a complaint in the U.S. District Court making claims substantially similar to those asserted in his Board appeal. PFR File, Tab 10. The Assistant U.S. Attorney handling the appellant's court complaint is seeking a stay of that action until the Board issues a final decision on the appellant's petition for review. *Id.*

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.